# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CONSTELLIUM US HOLDINGS I, LLC,**
**Employer Below, Petitioner**

**FILED**
**February 8, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-377**        (JCN: 2023006411)

**STACEY C. SHANK,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Constellium US Holdings I, LLC, ("Constellium") appeals the July 25, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Stacey C. Shank filed a response.[1] Constellium did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 15, 2022, while employed by Constellium, Mr. Shank suffered a left knee sprain. On the same day, Mr. Shank was seen at Everside Health for his occupational injury. Mr. Shank indicated that he was walking down a set of stairs to band a strap coil when he felt his left knee pop and lock and he complained of left knee pain and limited range of motion. The medical provider noted that Mr. Shank had previously undergone a left knee meniscal repair. Mr. Shank was diagnosed with sprain of the left knee.

Mr. Shank was seen by Everside Health in a follow-up telemedicine visit on September 19, 2022. Mr. Shank reported increased left knee pain with some swelling, and difficulty walking on his knee. The medical provider requested a referral to Dr. Ulloa for further evaluation of Mr. Shank's left knee. Mr. Shank submitted an Employees' and Physicians' Report of Occupational Injury dated September 20, 2022; the physicians' portion of the form was dated September 15, 2022. The claim administrator issued an order

---

[1] Constellium is represented by James W. Heslep, Esq. Mr. Shank is represented by Edwin H. Pancake, Esq.

dated October 17, 2022, which rejected the claim based upon a finding that Mr. Shank did not suffer a compensable work injury. Mr. Shank protested this order.

On January 23, 2023, Mr. Shank was deposed. Mr. Shank testified that he injured his left knee on September 15, 2022, while he was descending steps and slipped in hydraulic oil. Mr. Shank clarified that he was able to stop himself from falling by holding onto a handrail and stated that he was not carrying anything at the time. Mr. Shank testified that he previously underwent a left knee meniscal surgery in 2019 for an injury that was not work related. Mr. Shank stated that after this surgery he had fully recovered, he was not receiving any treatment, and he had not had any problems with his left knee prior to the injury on September 15, 2022.

On July 25, 2023, the Board reversed the claim administrator's order, which denied the claim. The Board found that Mr. Shank had established that he suffered a left knee sprain in the course of and resulting from his employment. Constellium now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Constellium argues that Mr. Shank's injury was not attributable to his employment because descending the stairs was an activity of daily living and not unique to his employment. Constellium further argues that there is video footage that proves that Mr. Shank did not slip, trip, or fall at the time of the injury. We disagree.

For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Recently, this Court held in *Kittle v. ACNR Res., Inc.*, __ W. Va. __, __ S.E.2d __, 2023 WL 3167482, at *3 (Ct. App. May 1, 2023), that "the claimant has the burden of establishing, by a preponderance of the evidence, that the injury complained of was caused by or contributed to some condition or aspect of employment that created an increased risk of injury."

Here, the Board found that Mr. Shank had established that he suffered a left knee sprain in the course of and resulting from his employment. The Board found that Mr. Shank's testimony regarding his injury was credible. The Board noted that Mr. Shank testified that the step that he slipped on was less than standard width and slick from hydraulic oil and that Constellium submitted no evidence to refute that testimony. The Board analyzed the instant claim under the court's holding in *Kittle* and found that Mr. Shank's testimony established that his employment created a greater risk of injury than if he had been walking down a stairway at home. The Board reviewed the video evidence submitted by Constellium and found that it did not conclusively confirm or refute Mr. Shank's testimony. Ultimately, the Board found that left knee sprain should be held compensable in this claim.[2]

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Shank established that he suffered a left knee sprain in the course of and resulting from his employment. We find that the Board properly applied *Kittle* and considered Mr. Shank's unrefuted testimony that the stair was slick with oil and was less than standard width. Thus, the Board was not clearly wrong in finding that Mr. Stewart's employment created a greater risk of injury than if he had been engaged in an activity of daily living in a nonoccupational setting. Further, we find the evidence sufficient to support the Board's order reversing the claim administrator's order and holding the claim compensable for a left knee sprain and we give deference to its weighing of the evidence and determinations of credibility. *See W. Va. Off. of Ins. Comm'r v. Johns*, No. 21-0811, 2023 WL 3968686, at *3 (W. Va. Jun. 13, 2023) (memorandum decision) ("This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review[.]").

Accordingly, we affirm the Board's July 25, 2023, order.

Affirmed.

---

[2] The Board also analyzed this claim under *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). We do not agree with the conclusion of the Board's analysis of this case under *Moore*; however, as we do not feel that this analysis was necessary in the instant case, we decline to comment on the Board's conclusion in regard to *Moore*.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating

4